UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANIS SHUMWAY,

        Plaintiff,

       v.                                      Case No. 21-C-939

LAXMIJKRUPA LLC,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Upon consideration of Plaintiff's Motion for Entry of Judgment after Default, and the Court having reviewed the record, makes the following findings.

Pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, this Court hereby enters Judgment after Default against Defendant Laxmijkrupa LLC. This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.* (Americans with Disabilities Act or ADA). The individual Plaintiff qualifies as a disabled person within the meaning of the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, pinch, and twist the wrist. The subject property is a hotel.

Defendant was served with the summons and complaint on August 16, 2021. Defendant failed to file an answer. Therefore, Plaintiff filed a Request for a Clerk's Default. A Clerk's Default was then entered against Defendant on September 9, 2021.

This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 28 U.S.C. § 12181 *et seq.*, based on Defendants' violations of Title III of the Americans with Disabilities Act (*see also* 28 U.S.C. §§ 2201–02).

Pursuant to the provisions of Rule 55 of the Federal Rules of Civil Procedure, when a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, such as Defendant in this cause, a default shall be entered against that party. In this instance, Defendant was properly served with the Complaint filed herein and failed to respond in any manner. Therefore, a final default judgment is hereby entered by this Court against Defendant.

Defendant, as the owner and operator of a place of lodging known as Rodeway Inn located at 3920 W. College Ave., Appleton, Wisconsin 54914 (the Property), is required to comply with the ADA, as well as the standards applicable to places of public accommodation, as set forth in the Code of Federal Regulations, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals. More specifically, 28 C.F.R. § 36.302(e)(1) imposes the following requirements:

**Reservations made by places of lodging.**

A public accommodation that owns, leases or leases to or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –

> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals

2

Case 1:21-cv-00939-WCG   Filed 10/06/21   Page 2 of 4   Document 10

with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

Defendant, either by itself or through a third party, implemented, operates, controls, and/or maintains the following websites for the Property: www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, www.priceline.com, and www.agoda.com.

Prior to the commencement of this lawsuit, Plaintiff visited the websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether it meets the requirements of 28 C.F.R. § 36.302(e) and her accessibility needs. Plaintiff was unable to do so because Defendant has failed to comply with said requirements, and as a result Plaintiff was deprived of the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property and website available to the general public. Plaintiff intends to revisit Defendant's website in the near future to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property, but she is continuously aware that the subject website remains non-compliant, and it would be a futile gesture to revisit the website as long as those violations exist, unless she is willing to suffer additional discrimination. Venue is proper in this jurisdiction because this is where the injury occurred.

Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36. Defendant is in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. § 36.302 *et seq.*, and is discriminating against Plaintiff. The discrimination is based on Defendant denying Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations as prohibited by 42 U.S.C. § 12182 *et seq.*, and by depriving her of the information required to make meaningful choices for travel. By maintaining the website with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public. Plaintiff has demonstrated that she is entitled to injunctive relief under the ADA.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant is enjoined from discriminating against individuals with disabilities and must comply with all sections of the ADA and the ADA Accessibility Guidelines, 28 C.F.R. Part 36. Specifically, Defendant must remediate its website and bring it into compliance with the regulation.

**IT IS FURTHER ORDERED** that Plaintiff is entitled to recover her attorney's fees, costs, expert fees, and litigation expenses.

Dated at Green Bay, Wisconsin this 6th day of October, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge