UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANIS SHUMWAY,

        Plaintiff,

        v.         Case No. 21-C-939

LAXMIJKRUPA LLC,

        Defendant.

**DECISION AND ORDER PARTIALLY GRANTING
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

    Plaintiff brought this action under the Americans with Disabilities Act (ADA). On October 6, 2021, the Court granted Plaintiff's motion for default judgment. On October 7, 2021, Plaintiff filed the motion for attorney's fees and costs in the amount of $7,547.50. Defendant's response was due by October 28, 2021. Because Defendant's time to respond to the motion has elapsed and no response has been filed, the Court will decide the motion on the current record. For the reasons that follow, the motion will be partially granted.

    To recover attorney's fees under 42 U.S.C. § 12205, a plaintiff must be a prevailing party. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). Plaintiff is the prevailing party in this case. A district court calculates attorneys' fees using the lodestar method: "the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate." *Jeffboat, LLC v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 489 (7th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)). "If necessary, the district court has the flexibility to 'adjust that figure to reflect various factors including the complexity of the

legal issues involved, the degree of success obtained, and the public interest advanced by the litigation.'" *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (quoting *Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, 574 F.3d 852, 856–57 (7th Cir. 2009)). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus. Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). The party seeking the fee bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rate[s] are in line with those prevailing in the community." *Id.* Once this burden is satisfied, the burden shifts to the other party to offer evidence that sets forth "a good reason why the lower rate is essential." *Id.* (internal quotation marks and citations omitted). There is a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal quotation marks omitted); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

Plaintiff requests $425.00 as an hourly rate for Attorney Tristan W. Gillespie. An attorney's reasonable hourly rate is "derived from the market rate for the services rendered." *Pickett*, 664 F.3d at 640. The market rate is "'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 555 (7th Cir. 1999) (quoting *Bankston v. State of Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)). To support the requested rate, Plaintiff has demonstrated that the rate requested is in line with what is normally charged for similar services by other practitioners and has been approved in similar cases. The Court finds that Plaintiff has met her burden to establish that the requested rate is reasonable.

Plaintiff seeks an award based on 13.1 hours of billable time. After reviewing the itemized statements provided by Plaintiff detailing the work performed and the amount of time billed for each task, the Court finds that the number of hours expended on this case is reasonable. Having

2

concluded that the lodestar in this action is $5,567.50 (the hourly rate times the number of hours worked), the Court must now consider whether that amount should be adjusted based on a number of factors." *See Hensley*, 461 U.S. at 433–34. "[T]he most critical factor in determining the reasonableness of the award is the degree of success obtained." *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (internal quotation marks and citation omitted). In this case, Plaintiff obtained all of the relief she sought. Based on the degree of success obtained in this case as well as the absence of any opposition by Defendant, the Court finds no reason to adjust the lodestar amount.

Plaintiff also seeks an award of costs, consisting of a $400 filing fee, a $650 expert witness fee, $280 in process server fees, and a $650 reinspection and monitoring fee. Under the ADA, a court may, in its discretion, award litigation expenses and costs, including expert witness fees. *See* 42 U.S.C. § 12205. As to the expert witness fee, Plaintiff has neither established that the expert's services were necessary and related to the litigation nor shown that the hourly rate and hours expended were reasonable. In addition, it is not appropriate to award litigation expenses for a reinspection that has not occurred and has not been paid, and Plaintiff has not provided a sufficient basis to conclude that a reasonable reinspection fee would be $650. The Court finds that Plaintiff's remaining requests for costs associated with the filing fee and process server fees are reasonable.

For these reasons, Plaintiff's motion for attorney's fees and costs (Dkt. No. 11) is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff is awarded $5,567.50 in attorney's fees and $680.00 in costs.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of November, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge